IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                       Case No. 2:20-cr-20011-001

LEXIS NICHOLE FLORES                                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Such a hearing was conducted on November 10, 2020, and, pursuant to a written Plea Agreement, the Defendant entered a plea of guilty to an Information. Pursuant to the Plea Agreement, the Government will move to dismiss the Indictment returned by the grand jury on July 28, 2020 once the Court has pronounced sentence.

The Plea Agreement states, inter alia, that the Defendant agrees to pay full restitution to all victims of the offense to which the Defendant is pleading guilty, to all victims of any offense(s) dismissed as a result of this Plea Agreement, and for all losses caused by the Defendant's criminal conduct even if such losses resulted from crimes not charged in the Indictment or Information or admitted to by the Defendant in the factual statement. Restitution shall include but is not limited to any expenses caused by Envoy Air Flight 4225 on behalf of American Airlines not reaching DFW on schedule. This shall include, but is not limited to, cost of lodging and other related expenses caused by the Defendant's conduct which resulted in adversely affecting the flight schedule, including connecting flights from DFW. Restitution for expenses

related to the delay in reaching DFW shall include any such expenses whether incurred by American Airlines, Envoy Air, individual passengers, or other parties who suffered a loss due to the Defendant's offense. The Defendant acknowledges and agrees that all restitution as agreed to above shall be governed by the provisions of the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. The Defendant understands full restitution will be ordered regardless of Defendant's financial resources. The Defendant further understands the restitution will be determined by the Court. The Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate and agrees to waive any defense or objections to any action to enforce the collection of the restitution. The Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. The Defendant acknowledges that any restitution imposed is not dischargeable in any bankruptcy proceeding pursuant to 18 U.S.C. § 3613(e).

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1. The Defendant, after consultation with her counsel, has knowingly and voluntarily consented, on the record at the hearing, to the entry of her guilty plea before the undersigned, with the plea being subject to final approval by U. S. District Judge P. K. Holmes, III.

2. The Defendant and the Government have entered into a written Plea Agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the Plea Agreement be filed.

3. The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; the Defendant is fully satisfied with her counsel and has had sufficient

time to consult with him and, the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4.     The Defendant understands her constitutional and statutory rights and wishes to waive these rights.

5.     The parties were informed on the record at the hearing of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. To expedite acceptance of the guilty plea, the parties waived, on the record, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written Plea Agreement be tentatively approved, subject to final approval at sentencing.

Dated: November 10, 2020.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE